O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAR I 7 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA FOX JONES, | Case No. EDCV 08-580 RNB |
| Plaintiff, | |
| vs. | ORDER AFFIRMING DECISION OF COMMISSIONER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff filed a Complaint herein on May 7, 2008, seeking review of the Commissioner's denial of her application for Supplemental Security Income benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on January 8, 2009. However, the Joint Stipulation suffered from deficiencies that necessitated the filing of an Amended Joint Stipulation on March 6, 2009. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has now determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

## DISPUTED ISSUES

As reflected in the Amended Joint Stipulation ("AJS"), the disputed issues that

1

1   plaintiff is raising as the grounds for reversal are as follows:

2          1.      Whether the Administrative Law Judge ("ALJ") properly
3   considered the severity of plaintiff's depression.

4          2.      Whether the ALJ properly considered plaintiff's testimony
5   regarding her severe depression.

6          3.      Whether the ALJ properly considered the plaintiff's obesity
7   and its impact on her other impairments.

8          4.      Whether the ALJ posed a complete hypothetical question to
9   the vocational expert.

10

11                              **DISCUSSION**

12         With respect to Disputed Issue No. 1, the Court concurs with plaintiff that the
13  ALJ erred in finding that plaintiff's depression did not constitute a severe mental
14  impairment. A psychiatric impairment may be found "not severe" at Step Two of the
15  Commissioner's sequential evaluation process only where the impairment "has no
16  more than a minimal effect" on the claimant's mental ability to perform basic work
17  activities. If a finding of non-severity is not "clearly established by medical
18  evidence," adjudication must continue through the sequential evaluation process. See
19  Social Security Ruling[1] ("SSR") 85-28; SSR 96-3p; see also Yuckert v. Bowen, 841
20  F.2d 303, 306-07 (9th Cir. 1988); McDonald v. Secretary of Health & Human Svcs.,
21  795 F.2d 1118, 1124-25 (1st Cir. 1986). Here, the medical evidence did not "clearly
22  establish" a finding of non-severity. Although the ALJ stated that he "was in
23  agreement with the State Agency Board certified psychiatrist and the consultative
24  examiner" (see Administrative Record ["AR"] 22), the record reflects that the State
25  Agency Board certified psychiatrist rated plaintiff's difficulties in maintaining

26

_____

27         [1]      Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903
28  F.2d 1273, 1275 n.1 (9th Cir. 1990).

1   concentration, persistence, or pace as "moderate" (see AR 240) and assessed plaintiff
2   as being moderately limited in her ability to maintain attention and concentration for
3   extended periods (see AR 244). Moreover, while the consultative examiner concluded
4   that plaintiff's mental impairment was not of disabling severity, he did assess
5   plaintiff's Global Assessment of Functioning ("GAF") as being 64. (See AR 221).
6   A GAF score of 64 is indicative of mild symptoms or some difficulty in social,
7   occupational, or school functioning.   See American Psychiatric Association,
8   Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed.).   By way of
9   contrast, the GAF range for "absent or minimal symptoms" is 81-90.   See id.
10  However, the record reflects that the ALJ did incorporate into his hypothetical to the
11  vocational expert the moderate limitations assessed by Dr. Gregg and that the
12  vocational expert testified that there were a significant number of jobs in the national
13  and local economies that a person with the vocational profile and limitations posited
14  by the ALJ could perform. (See AR 39-41). The Court therefore finds that the ALJ's
15  Step Two error was harmless. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007)
16  (holding that ALJ's Step Two error was harmless where ALJ considered any
17  limitations imposed by the impairment in question at Step Four of the Commissioner's
18  sequential evaluation process); Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005)
19  (holding that, even assuming without deciding that the ALJ made a Step Two error,
20  the error was harmless because it would not have impacted the ALJ's analysis at either
21  Step Four or Step Five); see also Stout v. Commissioner of Social Security, 454 F.3d
22  1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless where such error is
23  inconsequential to the ultimate non-disability determination).

24      With respect to Disputed Issue No. 2, for the reasons stated by the
25  Commissioner (see AJS at 9-12), the Court finds that reversal is not warranted based
26  on the ALJ's alleged failure to properly consider plaintiff's testimony regarding her
27  severe depression. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.
28  2002) (ALJ may properly consider inconsistencies either in claimant's testimony or

3

1    between claimant's testimony and claimant's conduct, claimant's daily activities, and
2    claimant's work record); <u>Morgan v. Comm'r of Soc. Sec.</u>, 169 F.3d 595, 600 (9th Cir.
3    1999) (ALJ may properly rely on contradictions between claimant's reported
4    limitations and claimant's daily activities); <u>Tidwell v. Apfel</u>, 161 F.3d 599, 602 (9th
5    Cir. 1998) (ALJ may properly rely on lack of treatment and helpful medication);
6    <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on
7    inconsistencies in the claimant's testimony and fact that only conservative treatment
8    had been prescribed); <u>Orteza v. Shalala</u>, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may
9    properly rely on inconsistencies in claimant's testimony, failure to pursue treatment,
10   and effectiveness of medication); <u>Curry v. Sullivan</u>, 925 F.2d 1127, 1130 (9th Cir.
11   1991) (ability to take care of personal needs, prepare easy meals, do light housework
12   and shop for some groceries "may be seen as inconsistent with the presence of a
13   condition which would preclude all work activity"); <u>see also</u> <u>Matthews v. Shalala</u>, 10
14   F.3d 678, 680 (9th Cir. 1993) (holding that claimant had failed to meet his burden of
15   proving that he suffered from a disabling impairment where "none of the doctors who
16   examined [him] expressed the opinion that he was totally disabled").

17        With respect to Disputed Issue No. 3, for the reasons stated by the
18   Commissioner (<u>see</u> AJS at 16-17), the Court finds that reversal is not warranted based
19   on the ALJ's alleged failure to properly consider plaintiff's obesity and its impact on
20   her other impairments. <u>See Burch</u>, 400 F.3d at 683 (holding that ALJ did not commit
21   reversible error by failing to consider the claimant's obesity in determining whether
22   she met or equaled the requirements of a listed impairment where there was no
23   evidence before the ALJ that the claimant's obesity limited her functioning and the
24   claimant presented no testimony or other evidence at her hearing that her obesity
25   impaired her ability to work).

26        Finally, as to Disputed Issue No. 4, the Court findings with respect to Disputed
27   Issue Nos. 1, 2, and 3 is dispositive of plaintiff's contention that reversal is warranted
28   based on the ALJ's alleged failure to pose a complete hypothetical question to the

4

vocational expert.  As noted above, the ALJ did incorporate into his hypothetical to the vocational expert the moderate limitations assessed by Dr. Gregg and the vocational expert did testify that there were a significant number of jobs in the national and local economies that a person with the vocational profile and limitations posited by the ALJ could perform.   Moreover, the Court has rejected plaintiff's contentions that the ALJ failed to properly consider plaintiff's testimony regarding her severe depression and failed to properly consider plaintiff's obesity and its impact on her other impairments.  Hypothetical questions posed to a vocational expert need not include all alleged limitations, but rather only those limitations substantiated by the evidence of record that the ALJ finds to exist.  See, e.g., Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001); Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989); Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986).

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: March 13, 2009

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE